CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 02 2014

JULIA C. DUDLEY, CLERK
BY:/s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VICKIE G. MILLS,<br>Plaintiff<br><br>v.<br><br>PEPSI, et al.,<br>Defendants. | )<br>)<br>)  Civil Action No. 7:14-cv-00203<br>)<br>)  By:  Hon. Michael F. Urbanski<br>)      United States District Judge<br>)<br>) |

## MEMORANDUM OPINION

Proceeding pro se, plaintiff Vickie G. Mills, filed the instant complaint against "Pepsi, Dr. Pepper, Coke Plant Owner and Employees." Mills moves to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). The court will grant Mills' motion to proceed in forma pauperis. However, after reviewing the complaint, the court concludes that the action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Federal Rules of Civil Procedure.[1]

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that...the action...is frivolous or malicious...[or] fails to state a claim on which relief may be granted..." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and to exclude suits that have no arguable basis in law or fact.").

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting

---

[1] The court notes that this is the third lawsuit filed by Mills within a week and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). See Case No. 7:14cv00183 (filed Apr. 21, 2014); Case No. 7:14cv198 (filed Apr. 22, 2014).

1

Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Mills' complaint fails to state a legal claim upon which relief may be granted.

Mills alleges that she "[b]ecame sick from bug killer asbestos" in soft drinks manufactured by defendants and also alleges that she became sick "from other causes due to not getting medicines automatic monthly delivered [sic] or faxed in as everyone else does," which Mills claims is discriminatory. Even construed liberally, these allegations give no perceptible claim for federal relief. "The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." Rochester v. U.S. Gov., No. 2:07-427-HMH-RSC, 2008 WL 618792, at *2 (D.S.C. Mar. 3, 2008) (citing Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990)).

Additionally, Mills fails to allege a basis upon which the court could exercise jurisdiction over this matter. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) ("[The federal courts] possess only that power authorized by [the United States] Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction."). A case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Mills' allegations do not establish either basis for jurisdiction.[2]

---

[2] Rather, on her Civil Cover Sheet, Mills indicates the basis for jurisdiction is that the United States government is both plaintiff and defendant, which plainly is not the case. Mills also asserts that both plaintiff and defendants are citizens of this state which, if true, would preclude diversity jurisdiction.

Accordingly, the court will dismiss Mills' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: May 2, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge